```
                                         ___ FILED      ___ LODGED
                                         ___ RECEIVED   ___ COPY

                                              OCT 1 9 2021

                                         CLERK U S DISTRICT COURT
                                           DISTRICT OF ARIZONA
                                         BY _____ DEPUTY
```

1  MICHAEL BAILEY
   United States Attorney
2  District of Arizona

3  KEVIN M. RAPP
   Assistant U.S. Attorney
4  Arizona State Bar No. 023098
   Two Renaissance Square
5  40 N. Central Ave., Suite 1800
   Phoenix, Arizona  85004
6  Telephone: 602-514-7500
   Email: kevin.rapp@usdoj.gov
7  Attorneys for Plaintiff

```
              ___ FILED      ✓ LODGED
              ___ RECEIVED   ___ COPY

                 NOV 1 3 2020

              CLERK U S DISTRICT COURT
                DISTRICT OF ARIZONA
              BY _____ DEPUTY
```

8              IN THE UNITED STATES DISTRICT COURT

9                   FOR THE DISTRICT OF ARIZONA

10
   United States of America,                CR-20-795-PHX-DLR
11
                  Plaintiff,
12                                           **PLEA AGREEMENT**
        vs.
13
14  Christopher S. Scheideler,

15                  Defendant.

16

17       Plaintiff, United States of America, and the defendant, CHRISTOPHER S.

18  SCHEIDERLER, hereby agree to dispose of this matter on the following terms and

19  conditions:

20  **1.    PLEA**

21       The defendant will plead guilty to Count 1 of the information charging the defendant

22  with a violation of 18 United States Code (U.S.C.) § 1343, Wire Fraud, a Class C felony

23  offense.

24  **2.    MAXIMUM PENALTIES**

25       a.    A violation of 18 U.S.C. § 1343, is punishable by a maximum fine of

26  $250,000, a maximum term of imprisonment of 20 years, or both, and a term of supervised

27  release of 3 years.  A maximum term of probation is five years.

28



1       b.     According to the Sentencing Guidelines issued pursuant to the Sentencing

2   Reform Act of 1984, the Court shall order the defendant to:

3         (1)     make restitution to any victim of the offense pursuant to 18 U.S.C.

4   § 3663 and/or 3663A, unless the Court determines that restitution would not be

5   appropriate;

6         (2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a

7   fine is not appropriate;

8         (3)     serve a term of supervised release when required by statute or when a

9   sentence of imprisonment of more than one year is imposed (with the understanding that

10   the Court may impose a term of supervised release in all other cases); and

11         (4)     pay upon conviction a $100 special assessment for each count to

12   which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

13       c.     The Court is required to consider the Sentencing Guidelines in determining

14   the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court

15   is free to exercise its discretion to impose any reasonable sentence up to the maximum set

16   by statute for the crime(s) of conviction, unless there are stipulations to the contrary that

17   the Court accepts.

18   **3.**     **AGREEMENTS REGARDING SENTENCING**

19       a.     Stipulation.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and

20   defendant stipulate that defendant's sentence shall not exceed the low end of the sentencing

21   range as calculated under U.S.S.G. § 1B1.1(a).  This stipulated sentencing cap will not

22   change based on departures considered under U.S.S.G. § 1B1.1(b).  Nothing in this

23   agreement shall preclude defendant from moving for a downward departure, variance, or

24   sentence below the cap, or the court from imposing a sentence below the cap.

25       b.     Restitution.  Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant

26   specifically agrees to pay full restitution, regardless of the resulting loss amount but in no

27   event more than $1,439.954.58, to all victims directly or proximately harmed by the

28   defendant's "relevant conduct," including conduct pertaining to any dismissed counts or

1    uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct
2    constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A.  The defendant
3    understands that such restitution will be included in the Court's Order of Judgment and that
4    an unanticipated restitution amount will not serve as grounds to withdraw the defendant's
5    guilty plea or to withdraw from this plea agreement.

6           c.     Assets and Financial Responsibility.   The defendant shall make a full
7    accounting of all assets in which the defendant has any legal or equitable interest.  The
8    defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or
9    transfer any such assets or property before sentencing, without the prior approval of the
10   United States (provided, however, that no prior approval will be required for routine, day-
11   to-day expenditures).  The defendant also expressly authorizes the United States Attorney's
12   Office to immediately obtain a credit report as to the defendant in order to evaluate the
13   defendant's ability to satisfy any financial obligation imposed by the Court.  The defendant
14   also shall make full disclosure of all current and projected assets to the U.S. Probation
15   Office immediately and prior to the termination of the defendant's supervised release or
16   probation, such disclosures to be shared with the U.S. Attorney's Office, including the
17   Financial Litigation Unit, for any purpose.  Finally, the defendant shall participate in the
18   Inmate Financial Responsibility Program to fulfill all financial obligations due and owing
19   under this agreement and the law.

20          d.     Acceptance of Responsibility.   If the defendant makes full and complete
21   disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's
22   commission of the offense, and if the defendant demonstrates an acceptance of
23   responsibility for this offense up to and including the time of sentencing, the United States
24   will recommend a two-level reduction in the applicable Sentencing Guidelines offense
25   level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more,
26   the United States will recommend an additional one-level reduction in the applicable
27   Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

28

1    **4.      AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

2               a.      This office shall not prosecute the defendant for any offenses committed by

3    the defendant, and known by the United States, in connection with the conduct described

4    in the information.

5               b.      This agreement does not, in any manner, restrict the actions of the United

6    States in any other district or bind any other United States Attorney's Office.

7    **5.      COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

8               a.      If the Court, after reviewing this plea agreement, concludes that any

9    provision contained herein is inappropriate, it may reject the plea agreement and give the

10   defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

11   11(c)(5).

12              b.      If the defendant's guilty plea or plea agreement is rejected, withdrawn,

13   vacated, or reversed at any time, this agreement shall be null and void, the United States

14   shall be free to prosecute the defendant for all crimes of which it then has knowledge and

15   any charges that have been dismissed because of this plea agreement shall automatically

16   be reinstated.  In such event, the defendant waives any and all objections, motions, and

17   defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

18   restrictions in bringing later charges or proceedings.  The defendant understands that any

19   statements made at the time of the defendant's change of plea or sentencing may be used

20   against the defendant in any subsequent hearing, trial, or proceeding subject to the

21   limitations of Fed. R. Evid. 410.

22   **6.      WAIVER OF DEFENSES AND APPEAL RIGHTS**

23              The defendant waives (1) any and all motions, defenses, probable cause

24   determinations, and objections that the defendant could assert to the indictment or

25   information; and (2) any right to file an appeal, any collateral attack, and any other writ or

26   motion that challenges the conviction, an order of restitution or forfeiture, the entry of

27   judgment against the defendant, or any aspect of the defendant's sentence, including the

28   manner in which the sentence is determined, including but not limited to any appeals under

- 4 -

1    18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

2    (habeas petitions), and any right to file a motion for modification of sentence, including

3    under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal of any appeal,

4    collateral attack, or other motion the defendant might file challenging the conviction, order

5    of restitution or forfeiture, or sentence in this case.  This waiver shall not be construed to

6    bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial

7    misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

8    **7.    DISCLOSURE OF INFORMATION**

9          a.    The United States retains the unrestricted right to provide information and

10   make any and all statements it deems appropriate to the U.S. Probation Office and to the

11   Court in connection with the case.

12         b.    Any information, statements, documents, and evidence that the defendant

13   provides to the United States pursuant to this agreement may be used against the defendant

14   at any time.

15         c.    The defendant shall cooperate fully with the U.S. Probation Office.  Such

16   cooperation shall include providing complete and truthful responses to questions posed by

17   the U.S. Probation Office including, but not limited to, questions relating to:

18              (1)    criminal convictions, history of drug abuse, and mental illness; and

19              (2)    financial information, including present financial assets or liabilities

20   that relate to the ability of the defendant to pay a fine or restitution.

21   **8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

22         a.    Nothing in this agreement shall be construed to protect the defendant from

23   administrative or civil forfeiture proceedings or prohibit the United States from proceeding

24   with and/or initiating an action for civil forfeiture.  Pursuant to 18 U.S.C. § 3613, all

25   monetary penalties, including restitution imposed by the Court, shall be due immediately

26   upon judgment, shall be subject to immediate enforcement by the United States, and shall

27   be submitted to the Treasury Offset Program so that any federal payment or transfer of

28   returned property the defendant receives may be offset and applied to federal debts (which

1  offset will not affect the periodic payment schedule).  If the Court imposes a schedule of
2  payments, the schedule of payments shall be merely a schedule of minimum payments and
3  shall not be a limitation on the methods available to the United States to enforce the
4  judgment.

5  **9.**    **ELEMENTS**

6  **Wire Fraud**

7  On or about August 2017 to April 2019, in the District of Arizona:

8  1.    Defendant knowingly executed or attempted to execute a scheme or plan to
9  defraud or for obtaining money or property by means of fraudulent pretenses,
10  representations, promises, or omissions;

11  2.    The statements made or facts omitted were material; that is, they had a natural
12  tendency to influence or were capable of influencing, a person to part with money
13  or property;

14  3.    Defendant acted with the intent to defraud; that is, the intent to deceive or
15  cheat; and

16  4.    Defendant used, or caused to be used, an interstate wire communication to
17  carry out or attempt to further the scheme.

18  **10.**    **FACTUAL BASIS**

19  a.    The defendant admits that the following facts are true and that if this matter
20  were to proceed to trial the United States could prove the following facts beyond a
21  reasonable doubt:

22  b.    Theory R Properties is wholly owned by G.D. and C.D.  After the defendant
23  became the Director of Operations of Theory R Properties' Arizona properties, he obtained
24  full access to the business accounting system.   The defendant utilized the accounting
25  system to pay vendors who submitted invoices for work done at the various commercial
26  property locations.

27  On August 8, 2017, without the consent or knowledge of G.D. or other principals at
28  Theory R Properties, the defendant created and registered his fictitious entity Cactus

1    Facilities Management.  The defendant also opened a bank account in the name of Cactus
2    Facilities Management at JP Morgan Chase.  Beginning in or around August 2017, the
3    defendant began creating false invoices purporting to show that Theory R Properties owed
4    money to Cactus Facilities Management for fabricated services performed at the
5    commercial properties.  The defendant hid the scheme from G.D. and other principals by
6    backdating the invoices and then entering and immediately approving payment in the
7    accounting system.  Once the payment check was issued, the defendant endorsed the check
8    on behalf of Cactus Facilities Management and deposited the check into the JP Morgan
9    Chase bank account he controlled.

10        Between August 2017 and April 2019, the defendant created 179 fraudulent
11   invoices and received approximately $1,439,954.58 in payments.  Specifically in or around
12   February 2019, the defendant issued a fraudulent invoice to Southwest Jet Center and using
13   the accounting system, authorized a check in the amount of $69,936.40 to Cactus Facilities
14   Management that he deposited into his JP Morgan Chase account.  The defendant used the
15   fraudulent proceeds to gamble at casinos and to finance the purchase of his residence in
16   April 2019.

17        c.      The defendant shall swear under oath to the accuracy of this statement and,
18   if the defendant should be called upon to testify about this matter in the future, any
19   intentional material inconsistencies in the defendant's testimony may subject the defendant
20   to additional penalties for perjury or false swearing, which may be enforced by the United
21   States under this agreement.

22                    **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

23        I have read the entire plea agreement with the assistance of my attorney.  I
24   understand each of its provisions and I voluntarily agree to it.

25        I have discussed the case and my constitutional and other rights with my attorney.
26   I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,
27   to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to
28   present evidence in my defense, to remain silent and refuse to be a witness against myself

1  by asserting my privilege against self-incrimination, all with the assistance of counsel, and

2  to be presumed innocent until proven guilty beyond a reasonable doubt.

3       I agree to enter my guilty plea as indicated above on the terms and conditions set

4  forth in this agreement.

5       I have been advised by my attorney of the nature of the charges to which I am

6  entering my guilty plea.  I have further been advised by my attorney of the nature and range

7  of the possible sentence and that my ultimate sentence shall be determined by the Court

8  after consideration of the advisory Sentencing Guidelines.

9       My guilty plea is not the result of force, threats, assurances, or promises, other than

10 the promises contained in this agreement.  I voluntarily agree to the provisions of this

11 agreement and I agree to be bound according to its provisions.

12      I understand that if I am granted probation or placed on supervised release by the

13 Court, the terms and conditions of such probation/supervised release are subject to

14 modification at any time.  I further understand that if I violate any of the conditions of my

15 probation/supervised release, my probation/supervised release may be revoked and upon

16 such revocation, notwithstanding any other provision of this agreement, I may be required

17 to serve a term of imprisonment or my sentence otherwise may be altered.

18      This written plea agreement, and any written addenda filed as attachments to this

19 plea agreement, contain all the terms and conditions of the plea.  Any additional

20 agreements, if any such agreements exist, shall be recorded in a separate document and

21 may be filed with the Court under seal; accordingly, additional agreements, if any, may not

22 be in the public record.

23      I further agree that promises, including any predictions as to the Sentencing

24 Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

25 (including my attorney) that are not contained within this written plea agreement, are null

26 and void and have no force and effect.

27      I am satisfied that my defense attorney has represented me in a competent manner.

28

- 8 -

1        I fully understand the terms and conditions of this plea agreement. I am not now

2  using or under the influence of any drug, medication, liquor, or other intoxicant or

3  depressant that would impair my ability to fully understand the terms and conditions of this

4  plea agreement.

5

6  11/13/2020

7  Date                                   CHRISTOPHER S. SCHEIDELER

8                                          Defendant

9

10 **APPROVAL OF DEFENSE COUNSEL**

11

12       I have discussed this case and the plea agreement with my client in detail and have

13 advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

14 constitutional and other rights of an accused, the factual basis for and the nature of the

15 offense to which the guilty plea will be entered, possible defenses, and the consequences

16 of the guilty plea including the maximum statutory sentence possible. I have further

17 discussed the concept of the advisory Sentencing Guidelines with the defendant. No

18 assurances, promises, or representations have been given to me or to the defendant by the

19 United States or any of its representatives that are not contained in this written agreement.

20 I concur in the entry of the plea as indicated above and that the terms and conditions set

21 forth in this agreement are in the best interests of my client. I agree to make a bona fide

22 effort to ensure that the guilty plea is entered in accordance with all the requirements of

23 Fed. R. Crim. P. 11.

24 11/13/2020

25 Date                                   CHALET BRAZIEL

26                                         Attorney for Defendant

27

28

- 9 -

1      **APPROVAL OF THE UNITED STATES**

2          I have reviewed this matter and the plea agreement.  I agree on behalf of the United

3  States that the terms and conditions set forth herein are appropriate and are in the best

4  interests of justice.

5

6                                    MICHAEL BAILEY
                                     United States Attorney
7                                    District of Arizona

8                                    KEVIN RAPP   Digitally signed by KEVIN RAPP
                                                  Date: 2020.11.12 08:50:07
                                                  -07'00'
   _____          _____
   Date                              KEVIN M. RAPP
9                                    Assistant U.S. Attorney

10

11

12

13                    **ACCEPTANCE BY THE COURT**

14

15  _____          _____
   Date                              Honorable
16                                   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28